FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE LUIS G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:22-CV-03185-SAB <br><br> **ORDER REVERSING AND REMANDING THE DECISION OF THE COMMISSIONER** |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Jamie Cordell. The Commissioner is represented by Frederick Fripps, L. Jamala Edwards, and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 7, the Commissioner's Brief, ECF No. 9, and Plaintiff's Reply Brief, ECF No. 10.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses and remands the decision of the Commissioner.

**I.   Jurisdiction**

On January 28, 2020, Plaintiff filed an application for disability insurance benefits, with onset of February 4, 2019. Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a hearing, which was held telephonically on November 9, 2021. Plaintiff appeared and testified with the help

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** ~ 1

of a Spanish interpreter before an ALJ, with the assistance of his counsel, Jamie Cordell. Erin Martz, vocational expert, also participated. The ALJ found that Plaintiff was not disabled prior to November 26, 2021.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 22, 2022. ECF No. 1.

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509,

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 2

416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 3**

previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV.   Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 4**

herein.

At the time of the hearing, Defendant was 54 years old. He completed the seventh grade in Mexico and his first language in Spanish. He has prior work as a heavy equipment operator, long-haul truck driver, and milk truck driver.

In 2017, Plaintiff suffered an industrial accident injuring his left leg, left ankle, back, neck and right shoulder. Plaintiff received worker's compensation because of his injuries. He experienced another industrial injury in 2018 injuring his right knee and right hip. Finally, he sustained a third injury in 2019, in which his left hand was fractured.

Plaintiff has undergone numerous surgeries for his injuries, including right shoulder arthroscopy and right knee arthroscopies. His doctor recommended ankle surgery as well. He has had numerous MRIs: (1) right knee—showing chronic complete proximal ACL tear with scarred fibers, frayed remnant of meniscectomy, scarred MCL, mild patellofemoral arthropathy and intermediate grade chondromalacia midline trochlea; (2) post-surgical right shoulder—showing arthrosis causing impingement, strain of the rotator cuff and grade 2 and 3 chondromalacia; (3) right hip—showing strain of posterior hip and tear of the superolateral labrum; and (4) lumbar spine—showing several bulging discs including L5-S1 with abutment of both exiting L5 nerves, straightened lumbar lordosis with levocurvature, disc disease and foraminal stenosis.

He testified that he stopped working after the 2019 accident due to pain and his need to elevate his left ankle because of swelling. He reports instability with his left ankle and right knee when he is walking or on uneven ground. He testified that he cannot sit for long periods.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-31. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date, February 4, 2019. AR 19.

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** ~ 5

At step two, the ALJ identified the following severe impairments: degenerative disc disease, lumbar and cervical spine; status post arthroscopy for meniscus tear, right knee; chondromalacia; status post shoulder slap repair, right shoulder; degenerative joint disease, left ankle; torn labrum, right hip; and depressive disorder. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to:

> Occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk with normal breaks for a total of about six hours in an 8-hour workday; sit with normal breaks for a total of about six hours in an 8-hour workday; push and/or pull including the operation of hand or foot controls is unlimited other than as shown for lift and/or carry; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolding; unlimited balance; occasionally stoop; occasionally kneel and crouch; no overhead reaching with his right upper extremity; no concentrated exposure to hazardous machinery or working at heights; he can carry out simple instructions and exercise simple workplace judgment and perform work that is learned by on the job training beyond a short demonstration lasting up to and including one month; he is capable of learning, remembering, and completing both simple and more complex tasks; he can respond appropriately to supervision; he can have occasional interaction with coworkers; he can deal with occasional changes in the work environment; and he can work that require occasional contact or interaction with the public.

AR 706.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 28.

At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including housekeeping cleaner, garment bagger, and small parts assembler. AR 30.

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 6**

### VI. Issues

1. Whether the ALJ properly assessed the opinion evidence.
2. Whether the ALJ properly assessed Plaintiff's symptom testimony.

### VII. Analysis

The ALJ found Plaintiff was disabled as of November 2021, when his age category changed to advanced age and grid rule 202.02 directed that finding, but found that Plaintiff was not disabled before this date.

#### 1. The ALJ's Evaluation of the Medical Opinions

Plaintiff asserts the ALJ erred in addressing the medical opinions of Dr. Clifford and Dr. Merrell.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b) The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. Id.

Supportability and consistency are further explained in the regulations:

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 7**

persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

### A.  Dr. Clifford

The ALJ made no findings regarding Dr. Clifford's reports and medical findings. This was in error. Dr. Clifford was Plaintiff's treating physician. He repeatedly noted Plaintiff's ankle swelling and recommended Plaintiff have surgery to repair a torn left ankle ligament. Dr. Clifford noted that Plaintiff tried cortisone injections, physical therapy, activity modifications and bracing but did not achieve relief from the pain and instability.

Dr. Clifford completed an Activity Prescription Form, dated October 30, 2019, in which he noted that Plaintiff could seldom perform a stand / walk, climb stairs, and operate foot controls with his left foot. Dr. Clifford noted left ankle edema and limited range of motion. In May 2020, Dr. Clifford noted that tenderness, discomfort, pain and guarding, and mild edema to the left ankle. In May 2021, Dr. Clifford noted continued left ankle pain and stiffness, including sharp shooting pains even when Plaintiff is sitting and resting.

The ALJ erred in failing to address Dr. Clifford's reports, which contained objective medical findings. *See* 20 C.F.R. § 404.1513.

### B.  Dr. Merrell

The ALJ found Dr. Merrell's opinion to be somewhat vague, it failed to provide any specific limitations, and it was unhelpful because it related to his ability to perform his work as a truck driver rather than any work available in the national economy. The ALJ noted that while Dr. Merrell concluded that Plaintiff

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 8**

could not perform overhead lifting, the record indicates that Plaintiff had no limitations with lifting overhead with his left arm and shoulder.

Dr. Merrell was Plaintiff's surgeon who performed a right shoulder arthroscopy with repair and acromioplasty, and two right knee arthroscopies with medial and lateral meniscectomies.

In September 2020, Dr. Merrell identified the following limitations: limited bending, limited lifting (25-20 pounds from ground to waist, 10 pounds from waist to shoulder, no overhead lifting), limited stairs, minimal kneeling, limited pushing, limited pulling, no squatting, no crawling. In October 2020, Dr. Merrell noted that Plaintiff had difficulty with stairs, kneeling is painful, and he has right hip pain both anteriorly and posteriorly. Dr. Merrell noted the MRI of his right hip showed labral damage with a possible labral tear and some narrowing of the hip joint.

Dr. Merrell performed an injection in the right shoulder in November 2020 due to impingement and pain. Dr. Merrell performed an Activity Prescription Form in October 2021 to cover through December 2021, in which he prescribed light duty with limited standing, walking, bending, squatting or lifting.

The ALJ found Dr. Merrell's opinions to not be persuasive because there were temporary opinions, notwithstanding that Dr. Merrell was a treatment provider who had the opportunity to examine Plaintiff and was familiar with the longitudinal record. Moreover, it was reasonable for Dr. Merrell do conclude that Plaintiff would not be able to lift overhead even though he did not have problems with his left shoulder. It is reasonable to presume that a person would need to use both upper limbs to lift overhead, as opposed to reaching overhead.

Dr. Merrell began treating Plaintiff in 2020 and continued to treat him in 2021. The ALJ erred finding that Dr. Merrell's opinion was not persuasive, given that he was treating Plaintiff over a significant period and his opinions are consistent with the longitudinal record.

//

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 9**

### 2. **Plaintiff's Symptom Testimony**

The ALJ found that while Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** ~ 10

SSR 96-7P, 1996 WL 374186.

The ALJ's credibility determination is not supported by substantial evidence in the record. In finding Plaintiff's reported symptoms are out of proportion to the longitudinal record, the ALJ relied on normal findings covering a wide range of areas that were the basis for limitations identified by Plaintiff, including normal neurological findings, normal heart and lung findings, normal cranial nerves, intact sensation in his feet and normal pulses. And when the ALJ did mention incidents supporting Plaintiff's statements, such as positive FABER findings, limited range of motion and weakness in right shoulder, mild edema and tenderness in lower extremities, mildly reduced right knee and ankle reflexes, pain, tenderness and edema in left ankle, the ALJ qualified these findings with the above-mentioned normal findings.

Here, by selectively relying on the treatment providers notes, and qualifying the limitations set forth in the record with irrelevant findings, the ALJ failed to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

### VIII. Conclusion

The ALJ erred in failing to consider Dr. Clifford's findings and concluding that Dr. Merrell's opinion and findings were not persuasive. Additionally, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. As such, remand is required.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes only, Plaintiff's Opening Brief, ECF No. 7, and Reply Brief, ECF No. 10, are **GRANTED**.

2. For docket purposes only, the Commissioner's Opening Brief, ECF No. 9, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for further proceedings consistent with this Order.

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 11**

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 7th day of September 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 12